# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| JERRY CHARLES BECHT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.   4:17-cv-00079 |
| TRANSWORLD SYSTEMS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes JERRY CHARLES BECHT ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of TRANSWORLD SYSTEMS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 44 year-old natural person residing at 3510 Charlevoix Court, Floyds Knobs, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party debt collection agency, and according to its website, it claims that it is "FDCPA Compliant."[1] Defendant is incorporated in California and its principal place of business is located at 507 Prudential Road, Horsham, Pennsylvania. Defendant regularly collects upon consumers located in Wisconsin.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Around the fall of 2016, Plaintiff began receiving calls to his cellular phone, (502) XXX-2988, from Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2988. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.tsico.com/about-tsi/our-company/

11. Plaintiff has had the above telephone number ending in 2988 for approximately 20 years, and he has registered this phone number on the Federal Do-Not-Call List. *See* Exhibit A.

12. The phone number that Defendant most often uses to call Plaintiff is (800) 334-0626, but it has used many other phone numbers as well. *Id.*

13. Upon information and belief, the above phone number ending in 0626 is regularly utilized by Defendant during its debt collection activity.

14. Plaintiff is unaware as to how Defendant obtained his information, as he does not have any relationship with it, nor has any outstanding debt. *Id.*

15. When Plaintiff answers Defendant's phone calls, he experiences a brief pause, lasting approximately three to five seconds in length, before a live representative begins to speak. *Id.*

16. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon an outstanding debt belonging to an individual he is unfamiliar with. *Id.*

17. Since Plaintiff does not have any outstanding debt and does not know the individual Defendant was asking for, he demanded that it stop contacting him. *Id.*

18. Despite Plaintiff's demands, Defendant has continued to regularly call his cellular phone up until the date of the filing of this complaint, in an attempt to collect upon an individual who is unknown to Plaintiff. *Id.*

19. Due to the fact that the phone calls ensued after he told Defendant to stop, Plaintiff called it back to inquire as to why it was still contacting him. *Id.*

20. On this phone call, Defendant's representative notified Plaintiff that it was looking to collect upon an individual containing the last name "Hadley." *Id.*

21. Plaintiff is unfamiliar with any individual named Hadley, so he notified Defendant as such and reiterated his demands that it stop calling him. *Id.*

22. Plaintiff has told Defendant to stop calling him a number of times. *Id.*

23. Plaintiff also called Defendant on another occasion to inquire about its phone calls, and its representative hung up on him. *Id.*

24. Plaintiff has received not less than 15 calls from Defendant, seeking to collect upon an individual whom Plaintiff is unfamiliar with. *Id.*

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. The debt in which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA §1692b & c(b)**

32. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer," and under §1692b(3), "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

33. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for an individual with the last name "Hadley." Plaintiff even explicitly notified Defendant that he was not the individual it was looking for. It had more than enough information to know that the number it was calling did not belong to any one named Hadley. Armed with this knowledge, Defendant still continued to call Plaintiff's cellular phone multiple times without his consent.

  b. **Violations of FDCPA §1692c(a)(1) and §1692d**

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's phone in an attempt to collect a debt owed by an individual unknown to Plaintiff was harassing and abusive. Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

36. Plaintiff had to reiterate his demands that Defendant stop contacting him, and even upon informing it that he is not the individual it is looking for, Defendant's harassing phone calls continued.

37. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

    c. **Violations of the FDCPA § 1692e**

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 15 times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though the debt did not belong to him. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal

ability to contact him via an automated system when not only did it not have consent to do so in the first place, but it was also subsequently told to stop calling.

### d. Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," and under §1692f(1), prohibits the attempt to collect "any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

42. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with an individual containing the last name Hadley, whom Plaintiff is unfamiliar with. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

43. In addition, Plaintiff has been assigned this same phone number for about 20 years, and has even registered this number on the Federal Do-Not-Call List. There is no reason why Defendant continued to place calls to Plaintiff's cellular phone, when he has had the same number for decades and has no outstanding debt owed to Defendant.

44. As pled in paragraphs 24 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JERRY CHARLES BECHT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff repeats and realleges paragraphs 1 through 44 as though fully set forth herein.

46. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

47. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The brief pause, lasting approximately three to five seconds in length, which Plaintiff experiences prior to being connected with a live representative is instructive that an ATDS is being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

48. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party whom Plaintiff had no familiarity with. As such, he could not have given Defendant consent to contact him. Even if Defendant had a legitimate business reason for initially

contacting Plaintiff, which it did not, he explicitly revoked any consent by his demands to cease contact.

49. Furthermore, Plaintiff's phone number was registered on the Federal Do-Not-Call List, but despite his actions, Defendant continued to contact him despite this.

50. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

51. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that it was calling the wrong party, but yet, it continued its attempts to harass Plaintiff into submission.

52. By Plaintiff registering his phone number on the Do-Not-Call List, Defendant is liable for an additional $1,500.00 per call. "We therefore conclude that a person may recover statutory damages of $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), and $1500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)—even if both violations occurred in the same telephone call." *Charvat v. NMP, LLC*, 656 F.3d 440, 2011 U.S. App. LEXIS 18081at 449 (6th Cir. Ohio 2011).

WHEREFORE, Plaintiff, JERRY CHARLES BECHT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

53. Plaintiff repeats and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

55. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).
>
> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

56. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

57. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

58. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

59. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Plaintiff never gave consent to Defendant and is unaware as to how it obtained his information, as he has been assigned the same phone number for nearly 20 years. Even so, Plaintiff still told Defendant to stop calling, which would revoke any hypothetical consent

10

that Plaintiff may have given, which he did not. However, Defendant consciously continued its abusive attempts to collect payment from Plaintiff, even though the debt did not belong to him.

60. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Defendant was never given consent to contact Plaintiff in the first place, but even so, once Plaintiff demanded that it stop calling him, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, however, Defendant continued its deceptive conduct. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

61. In violating the TCPA, Defendant in further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list. A claim may be based only on an enumerated act, and not a representations at all." *Anderson v. O'Leary Paint Co.*, 2011 U.S. Dist. LEXIS 110837 at 17.

62. Defendant engaged in illegal and fraudulent behavior during its collection efforts towards Plaintiff. Defendant was calling the wrong party, and it intended that Plaintiff rely on its illegal behavior and make a payment, even though the outstanding debt was not owed by him. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

63. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1)

>three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

64. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Defendant had more than enough knowledge to know that it was calling the wrong person, and was even told by Plaintiff to stop calling, but yet, it continued to contact him over 15 times in an attempt to collect upon a debt not belonging to him. This places a spotlight on Defendant's unfair and deceptive acts, in that it will seek to procure payment from any one, with no regard as to whether or not the debt actually belongs to that person. Regardless, Plaintiff still demanded that Defendant stop contacting him. The fact that Defendant refused to abide by said notices and continued to contact the wrong party in an attempt to collect upon a debt further highlights that its behavior is incurable.

65. Upon information, Defendant conducts the above described behavior on a wide and frequent basis. Defendant's pattern and practice shows that it routinely engages in debt collection activities, where it continuously calls the wrong party in hopes that someone will end up making a payment, even if it is the wrong individual. This is extremely unfair and abusive, and it goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

66. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 24 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, JERRY CHARLES BECHT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 28, 2017                                          Respectfully submitted,

s/ Nathan C. Volheim                                           s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                               Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                          Counsel for Plaintiff
Admitted in the Southern District of Indiana                   Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                                       Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                                 900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                      Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                    (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                       thatz@sulaimanlaw.com